UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WI-LAN USA, INC.<br>and WI-LAN INC.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>LG ELECTRONICS, INC. and LG<br>ELECTRONICS U.S.A., INC.,<br><br>　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

　　　　Plaintiffs Wi-LAN USA, Inc. and Wi-LAN Inc., by and through their attorneys, bring this action for patent infringement of United States Patent Nos. 6,359,654 and 7,034,889 (collectively "Patents-in-Suit") and allege as follows:

**PARTIES**

　　1.　　Plaintiff Wi-LAN USA, Inc. is a corporation formed under the laws of the State of Florida with its principal place of business at 175 S.W. 7th Street, No. 1803, Miami, Florida 33130.  Plaintiff Wi-LAN Inc. is a corporation formed under the laws of the country of Canada with its principal place of business at 11 Holland Avenue, Ottawa, Ontario, Canada K1Y 4S1. Wi-LAN USA, Inc. is a wholly owned subsidiary of Wi-LAN Inc. (collectively "Wi-LAN"). Wi-LAN is a leading technology innovation and licensing business actively engaged in research, development, and licensing of new technologies.

2.      Defendant LG Electronics, Inc. ("LG Electronics") is a corporation formed under the laws of the country of Korea, with its principal place of business at LG Twin Towers 20, Yeouido-Dong, Yeongdeungpo-Gu, Seoul, South Korea 150-721.

3.      Defendant LG Electronics U.S.A., Inc. ("LG Electronics USA") is a corporation formed under the laws of the State of Delaware with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  LG Electronics USA is authorized to do business in the State of Florida and has been assigned Document No. F94000003883 by the Secretary of State.

4.      LG Electronics and LG Electronics USA (collectively "LG") acted in concert with regard to the allegations set forth in this Complaint, and therefore the conduct described herein is fairly attributable to either or both entities.

## JURISDICTION AND VENUE

5.      Wi-LAN brings this civil action for patent infringement pursuant to the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq*.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.  Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).  Upon information and belief, LG conducts business in this district, offers for sale and sells products in this district, and has a registered agent for service of process in the State of Florida.

## CAUSE OF ACTION

### The Patents

6.      On March 19, 2002, United States Patent No. 6,359,654, titled "Methods and Systems for Displaying Interlaced Video on Non-Interlaced Monitors," was duly and legally issued to Stephen G. Glennon, David A. G. Wilson, Michael J. Brunolli, and Benjamin Edwin

Felts, III (the "'654 Patent"). A true and correct copy of the '654 Patent is attached as Exhibit A to this Complaint.

7. On April 25, 2006, United States Patent No. 7,034,889, titled "Signal Processing Unit and Method for a Digital TV System with an Increased Frame Rate Video Signal," was duly and legally issued to Bernd Burchard and Ralf Schwendt (the "'889 Patent"). A true and correct copy of the '889 Patent is attached as Exhibit B to this Complaint.

8. By assignment, Wi-LAN Inc. owns all right, title, and interest in and to the Patents-in-Suit, and Wi-LAN USA, Inc. is the exclusive licensee of the Patents-in-Suit with exclusive rights, including but not limited to the right to enforce the Patents-in-Suit and collect damages for past and future infringements.

## Count One
### (Infringement of U.S. Patent No. 6,359,654)

9. Wi-LAN incorporates herein by reference each and every allegation in the preceding paragraphs.

10. LG is making, using, offering to sell, selling and/or importing into the United States products, including but not limited to the 6200 series of flat panel televisions depicted in the attached Exhibit C, that infringe one or more claims of the '654 Patent.

11. LG is inducing direct infringement of the '654 Patent by actively instructing, assisting, and/or encouraging others to practice the inventions claimed in one or more claims of the '654 Patent in relation to its flat panel televisions, including but not limited to the 6200 series of flat panel televisions.

12. The infringement of the '654 Patent by LG will continue unless enjoined by this Court.

13. The infringing activities by LG have caused and will continue to cause irreparable injury to Wi-LAN for which there exists no adequate remedy at law.

## Count Two
### (Infringement of U.S. Patent No. 7,034,889)

14. Wi-LAN incorporates herein by reference each and every allegation in the preceding paragraphs.

15. LG is making, using, offering to sell, selling and/or importing into the United States products, including but not limited to, the 6200 series of flat panel televisions depicted in the attached Exhibit C, that infringe at least one or more claims of the '889 Patent.

16. LG is inducing direct infringement of the '889 patent by actively instructing, assisting, and/or encouraging others to practice the inventions claimed in one or more claims of the '889 Patent in relation to its flat panel televisions, including but not limited to the 6200 series of flat panel televisions.

17. The infringement of the '889 Patent by LG will continue unless enjoined by this Court.

18. The infringing activities by LG have caused and will continue to cause irreparable injury to Wi-LAN for which there exists no adequate remedy at law.

## DEMAND

WHEREFORE, Wi-LAN requests that judgment be entered in its favor and against LG as follows:

A. Declaring that LG has infringed the Patents-in-Suit;

B. Issuing temporary, preliminary, and permanent injunctions enjoining LG, its officers, agents, subsidiaries and employees, and those in privity or in active concert with it,

from further activities that constitute infringement of the Patents-in-Suit both within the State of Florida and across the United States;

  C. Ordering that an accounting be had for profits, reasonable royalties and/or other damages arising out of LG's infringement of the Patents-in-Suit, together with costs, prejudgment, and post-judgment interest; and

  D. Awarding Wi-LAN such other costs and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Wi-LAN demands a trial by jury on all issues so triable.

*Attorneys for the Plaintiffs:*

CARLSON & LEWITTES, P.A.

By:  s/Curtis Carlson
  Curtis Carlson, Fla.Bar. No. 236640
  1200 Suntrust International Center
  One Southeast Third Avenue
  Miami, Florida 33131
  Telephone: 305.372.9700
  Facsimile: 305.372.8265
  E-mail: carlson@carlson-law.net

**OF COUNSEL**

KILPATRICK TOWNSEND & STOCKTON LLP

---

David E. Sipiora
Charles A. Pannell
Kent T. Dallow
1400 Wewatta St., Suite 600
Denver, CO 80202
(303) 571-4000

64571394v.1