**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **WI-LAN INC., et al,** | |
| **Plaintiffs,** | **Civil Action No. 13-4895 (MCA)** |
| **v.** | **OPINION AND ORDER** |
| **LG ELECTRONICS INC., et al,** | |
| **Defendants.** | |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiffs Wi-Lan Inc. and Wi-Lan USA, Inc (collectively "Plaintiffs" or "Wi-Lan") for leave to reopen its case [ECF No. 147]. Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc (collectively "Defendants" or "LG") opposes Plaintiffs' motion [ECF No. 151]. For the reasons set forth below, Plaintiffs' motion [ECF No. 147] is **GRANTED**.

## I.    FACTUAL BACKGROUND

On October 3, 2012, Plaintiffs filed suit against Defendants in the Southern District of Florida alleging patent infringement of United States Patent Nos. 6,359,654 and 7,034,889. Complaint, ECF No. 1. In Lieu of an answer, Defendants filed a motion for summary judgment alleging that the products Plaintiffs accused Defendants of infringing are subject to a license under the patent license agreement. ECF No. 22. On August 13, 2013, without deciding Defendants' motion, the Southern District of Florida transferred this matter to the District of New Jersey and terminated all pending motions as moot. ECF No. 108.

Shortly thereafter, the parties submitted a Joint Status Report, in which the parties agreed that the Court should stay all discovery and scheduling in this case pending a decision on the parties' motion to compel arbitration. *See* ECF No. 128 at 2-3. On November 8, 2013, the Court entered the following order:

> This matter having been opened to the Court upon the parties' joint status letter dated October 25, 2013 [Docket Entry No. 128]; and the letter indicating that "[w]ith one exception, the parties agree that all discovery and scheduling in the case before this Court should be stayed" (*Id.* at 3); and the parties having identified the sole area of dispute as "whether the Court should set a briefing schedule on the re-filing of [Defendant's] SJ Motion" (*Id.*); and the Court finding that it has the inherent power to control the docket and preserve judicial economy (*Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)); and the Court further finding that all proceedings and motion practice in this action be stayed pending resolution of the action pending in New York; and as such, the Court shall adjourn without date the Initial Scheduling Conference currently set for November 12, 2013; and for good cause shown, IT IS on this 8ᵗʰ day of November, 2013, ORDERED that the parties' request to stay all discovery and scheduling in this matter is GRANTED; and it is further ORDERED that Defendants' request to re-file its summary judgment motion is DENIED; and it is further **ORDERED that this matter be administratively terminated pending the New York Court's decision on whether to compel arbitration**; and it is further **ORDERED that both parties retain the right to promptly move to reopen the case upon disposition of the motion to compel arbitration**; and it is further **ORDERED that the Clerk of the Court accordingly administratively terminate this action [Civil Action No. 13-4895].**

November 8, 2013 Order, ECF No. 129 (emphasis added) (the "Court's Order"). Essentially, the Court's Order administratively closed the case and provided the right for the parties to promptly move to reopen upon the disposition of the parties' motion to compel arbitration. *Id.*

On July 21, 2014, the United States District Court for the Southern District of New York granted Plaintiffs' motion to compel arbitration. Defs. Br. in Opp'n., at ECF No. 152; *see also* ECF No. 147-2, Ex. A. More than a year later, on September 10, 2015, the Court of Appeals for the Second Circuit affirmed the district court's decision. *Id.*

On October 16, 2017, nearly four years after the closure of this case and more than two years after the Court of Appeals affirmed the district court's decision to compel arbitration, Plaintiffs filed their motion to reopen. Pls.' Mot. to Reopen, ECF No. 147. In support of theirmotion, Plaintiffs put forth numerous arguments. Initially, Plaintiffs contend that they have a right to seek to reopen this case because the Court's Order is not the equivalent of an Order of Dismissal. Pls.' Corrected Br. in Supp. Mot. to Reopen, ECF No. 150 at 7[1]. To this point, Plaintiffs argue that the Court's Order did not include a timeline which would allow the administrative order to mature into a final decision. Plaintiffs explain that even if the order did include such a timeline, "a case is only finally closed if the court enters an order of dismissal." *See Id.* at 9 (citing *WRS, Inc. v. Plaza Entm't, Inc.*, 402 F.3d 424, 429 (3d Cir. 2005)). Plaintiffs then assert that in the proper context the Court's Order directing that the parties promptly move to reopen the case upon the disposition of the motion to compel arbitration, should be read as "the *earliest* point that the Court would entertain a motion to reopen" rather than "as the outer bounds of when either party could seek to reopen." *Id.* at 10 (emphasis in original).

In opposition to Plaintiffs' motion, Defendants contend that the Court set forth a "clear and unambiguous" timeframe when it ordered the parties to "promptly move to reopen the case upon disposition of the motion to compel arbitration." *See* ECF No. 152 at 4; *see also* ECF No. 129. Under this viewpoint, Defendants assert that Plaintiffs violated the Court's Order by delaying the filing of its application to reopen nearly three years after the New York Court issued a decision on its motion to compel arbitration. Put another way, Defendants argue that Plaintiffs should not be permitted to restore this action back to the Court's active docket. Alternatively, Defendants argue

---

[1] The Court notes that Plaintiffs initial brief was filed on October 16, 2017 [ECF NO. 147]. Plaintiff subsequently filed a Redacted Brief [ECF No. 148], and a Corrected Brief [ECF No. 150]. When referring to Plaintiffs brief in support of its motion, the Court will cite to Plaintiffs' Corrected Brief at ECF No. 150.

that the Court should dismiss Plaintiffs' case pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 41.1(a).

## II.    DISCUSSION

The Court first addresses the legal significance of its November 8, 2013 Order. In *Penn West Associates, Inc. v. Cohen,* 371 F.3d 118 (3d Cir. 2004), the Court of Appeals for the Third Circuit discussed, in general, the legal effect of an administrative closing. There, the court reviewed the district court's denial of plaintiff's motion to reopen its case, which had been administratively closed as "settled." *Id.* at 120. The court held that "an order merely directing that a case be marked closed constitutes an administrative closing that has no legal consequence other than to remove that case from the district court's active docket." *Id.* at 128. The court explained that a district court could provide, in the text of the order, "a built-in timetable under which the administrative closing may automatically expire, or mature into a final decision." *Id.* However, absent such a timetable, the court noted that, "we know of no provision in the Federal Rules of Civil Procedure by which the mere passage of time can mature an administrative closing into a dismissal or a final judgment or order." *Id.*

As an initial matter, the Court notes that the parties do not dispute that the Court's Order is an order administratively closing this action. Rather, the parties dispute whether the Order contained "a built-in timetable under which the administrative closing may automatically expire, or mature into a final decision." *See Penn West*, 371 F.3d at 128. As noted above, an administrative closing order has no legal consequence other than to remove that case from the district court's active docket unless the district court provided "a built-in timetable under which the administrative closing may automatically expire, or mature into a final decision." *Id.*

With respect to this issue, Plaintiffs contend that the Court's Order did not include a timeline which would allow the administrative order to mature into a final decision. Plaintiffs explain that even if the order did include such a timeline, "a case is only finally closed if the court enters an order of dismissal." *See* ECF No. 150 at 9 (citing *WRS, Inc. v. Plaza Entm't, Inc.*, 402 F.3d 424, 429 (3d Cir. 2005)). Also, as noted, Plaintiffs assert that in the proper context the Court's Order directing the parties to promptly move to reopen the case upon the disposition of the motion to compel arbitration should be read as "the *earliest* point that the Court would entertain a motion to reopen" rather than "as the outer bounds of when either party could seek to reopen." ECF No. 150 at 10 (emphasis in original).

In response, Defendants contend that the Court set forth a "clear and unambiguous" timeframe when it ordered the parties to "promptly move to reopen the case upon disposition of the motion to compel arbitration." *See* ECF No. 152 at 4; *see also* ECF No. 129. Defendants assert that Plaintiffs violated the Court's Order by delaying the filing of its application to reopen nearly three years after the New York Court issued a decision on its motion to compel arbitration.

While the Court's Order did not explicitly issue a date by which the parties were to move to reopen this matter, the Court's Order certainly contained language implying a time frame for the parties to make an appropriate application to reopen. In fact, the plain language of the Court's Order supports this interpretation. Specifically, the Court's Order required that the parties "*promptly* move to reopen the case upon the disposition of the motion to compel arbitration," *See* ECF No. 129 (emphasis added). By including the word "promptly" the Court's Order implies that the parties retained the right to move to reopen this matter immediately, or with little to no delay, after a decision on its motion was filed. Plaintiffs' contention that the Court's Order should be read as "the *earliest* point that the Court would entertain a motion to reopen" is incorrect because it

completely disregards the Court's inclusion of the phrase "promptly move." Based on Plaintiffs' interpretation of the Court's Order, the parties would retain the right to move to reopen this matter five, ten and even fifteen years after a decision on its motion to compel arbitration was filed. This interpretation is contrary to the plain language of the Court's Order. Although the Court's Order is not as "clear and unambiguous" as Defendants assert, the fact that the "parties retain the right to promptly move to reopen the case upon disposition of the motion to compel arbitration" implies a time frame with which Plaintiffs failed to comply.

However, this conclusion that the Court's Order contained a built-in timetable, cannot foreclose Plaintiffs from restoring this matter back to the Court's active docket because the Court never entered a second order dismissing the case. In *WRS, Inc.*, 402 F.3d at 424, the Court of Appeals for the Third Circuit discussed the issue regarding administrative closing orders that contain a built-in timetable. There, the court held that although an administrative closing may mature into a final order of dismissal, the district court must enter a second order actually dismissing the case or the case will simply remain administratively closed. *Id*. at 429. In reaching its decision the court stated:

> [t]he potential for uncertainty is significant in cases involving administrative closings with built-in timetables without the entry of an order of dismissal. The requirements for reopening a dismissed case as opposed to an administratively closed case are different. If the administrative-closing order became a self-executing final judgment, the district court could grant a party's motion to reopen only if there were "extraordinary circumstances." *See Sawka v. Healtheast, Inc.,* 989 F.2d at 138, 140 (3d Cir. 1993). Parties need a definitive way of knowing if and when their case has been dismissed. Accordingly, we hold that although an administrative closing may mature into a final order of dismissal, the district court (or bankruptcy court) must enter an order so providing. Without such an entry, the case simply remains administratively closed.

> *WRS, Inc.*, 402 F.3d at 429.

In the present case, the Court did not enter a second order dismissing the matter. Thus, although the Court concludes that the subject Order contained a built-in timetable, this Order cannot be translated into the entry of order dismissing the case. Accordingly, Plaintiff cannot be barred from restoring this matter back to the Court's active docket.

The last issue the Court addresses is Defendants' contention that the Court should dismiss this action pursuant to Local Civil Rule 41.1(a) and Federal Rule of Civil Rule 41(b). In relevant part, Local Rule 41.1 provides "[c]ivil cases, other than bankruptcy matters, which have been pending in the Court for more than 90 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court . . ." Similarly, Federal Rule 41(b), in relevant part, provides "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." While the Court understands Defendants' frustration with Plaintiffs' delay in filing the instant application, the Court will not entertain a dismissal for failure to prosecute an action that was administratively closed. After the Court's Order was entered, discovery was stayed and the parties were not required to take any further action on the Court's docket. Therefore, a dismissal for failure to prosecute would be drastic and inappropriate sanction for Plaintiff's delay in making the instant application. Therefore, Plaintiffs' motion to reopen is **GRANTED**.

III.     **CONCLUSION AND ORDER**

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 21st day of September 2018,

**ORDERED** that Plaintiffs' motion to reopen its case [ECF No. 147] is **GRANTED**; and it is further

**ORDERED** that Clerk of Court shall remove the "ADMCLOSED" flag and restore this matter back to the Court's active docket; and it is further

**ORDERED** that Plaintiffs shall file an Amended Complaint clarifying the claims being asserted against Defendants within **twenty-one (21) days** from the date of this Order.

      s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**